UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01978-JMS-TAB |
| | ) | |
| MUSIC TIMES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On April 17, 2015, the Court issued an Order to Show Cause asking Plaintiff Larry G. Philpot why his action should not be dismissed due to inactivity on the docket. [Filing No. 6.] Mr. Philpot did not respond by the April 30, 2015 deadline, which the Court noted it would deem to be a consent to dismissal. [Filing No. 6.] Nearly four months later, on August 26, 2015, the Court dismissed Mr. Philpot's action without prejudice, [Filing No. 7], and issued final judgment, [Filing No. 8].

Presently pending before the Court is Mr. Philpot's Motion for Reconsideration of Dismissal. [Filing No. 10.] Mr. Philpot asks the Court to relieve him from entry of final judgment in this action because he attests that he did not receive notice of the Court's April 17, 2015 Order to Show Cause. [Filing No. 10 at 1; Filing No. 10-1 (Plaintiff's affidavit).] Mr. Philpot concedes that "the U.S. Mail is extremely reliable" and that he "completely overwhelmed himself by filing too many actions, and has been reacting rather than proactively prosecuting the Defendant." [Filing No. 10 at 2.] He points to his timely response to an order to show cause in another action as evidence that he would have responded had he received the Court's Order to Show Cause. [Filing No. 10 at 2.] Mr. Philpot contends that for these reasons, the Court should "reverse its

1

decision" and permit Mr. Philpot to file a Motion for Entry of Default regarding the Defendant in this action. [Filing No. 10; Filing No. 10-2.]

A party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e). Mr. Philpot does not identify a Federal Rule of Civil Procedure under which he seeks relief, but the Seventh Circuit Court of Appeals has "adopted a bright-line rule that district courts should treat motions filed before the deadline established in Rule 59 as arising under that rule, not Rule 60." Zhou v. Belanger, 528 Fed. App'x. 618 (7th Cir. 2013) (citing Kiswani v. Phoenix Sec. Agency, Inc., 584 F.3d 741, 742 (7th Cir. 2009)). Because Mr. Philpot filed his motion within 28 days of the entry of judgment, the Court will review it pursuant to Rule 59(e). See Borrero v. City of Chicago, 456 F.3d 698, 699 (7th Cir. 2006) (holding that a motion "is deemed filed under Rule 59(e) even if, as in this case, the motion is not labeled a Rule 59(e) motion and, again as in this case, does not say 'alter or amend' (the language of Rule 59(e)), but instead uses a synonym, such as 'vacate' or 'reconsider'").

Rule 59(e) allows the Court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). Rule 59(e) cannot be used, however, to present evidence that could have been presented before judgment was entered. Id.

The Court concludes that Mr. Philpot has not shown a manifest error of law such that he should receive the relief he requests. Mr. Philpot's excuse for not doing anything to advance his action after filing a Return of Service on December 15, 2014 is that he "completely overwhelmed himself by filing too many actions, and has been reacting rather than proactively prosecuting the Defendant." [Filing No. 10 at 2.] Mr. Philpot does not explain why his admitted neglect is excusable, especially considering that he initiated the actions that apparently overwhelmed him

and that four additional inactive months passed after the missed show cause deadline before the Court dismissed Mr. Philpot's action without prejudice. This brings the total to eight months that Mr. Philpot did nothing to pursue this case, even though he acknowledges having a PACER account. [Filing No. 10-1.]

It is well established that Mr. Philpot—the plaintiff in this civil action—bore the responsibility for pressing this action if he intended to do so. *See GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible."). His *pro se* status does not change that. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("it is also well established that *pro se* litigants are not excused from compliance with procedural rules") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")). Because Mr. Philpot has not shown that he is entitled to relief pursuant to Rule 59(e), the Court **DENIES** his Motion to Reconsider. [Filing No. 10.]

Date: September 17, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

LARRY G. PHILPOT
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236